Shaw C. J.
delivered the opinion of the Court. It is admitted that the incumbrances on the estate mortgaged to the plaintiff, were not extinguished within one year from the date of the bond upon which this action is brought, and so that the bond is forfeited at law ; and on a hearing in equity the question is, for what sum damages shall be assessed.
The facts find that the plaintiff was in possession of the premises mortgaged to him, taking the rents and profits, and that under a judgment upon a paramount title, to wit, the mortgage to Martin, the latter entered and evicted the plaintiff.
There is some inconsistency in the facts agreed, it being first stated that Martin, since the commencement of the present *472 action, entered, and afterwards, that this action was not com menced by the plaintiff till after he had lost his possession as above mentioned. But in this cased; is not material, because, it being conceded that the condition was broken when the action was commenced, the damages on a hearing in equity, are to be taken according to the damage actually suffered, at the time of entering the judgment. [1]
Both parties have very properly considered the case as depending upon the same rules, in most respects, as those which regulate the assessment of damages, on a breach of covenant ; to which this contract is most analogous.
On the one hand it is contended, that the full amount of the value of the outstanding mortgage is to be recovered ; on the other, that the outstanding mortgage is a mere incumbrance, and so, according to the well known rule in covenant, no more than nominal damages are to be recovered, till the incumbrance has been removed by the covenantee, it being truly said, in such case, that the incumbrance may never be •enforced, or the covenantee damnified.
In covenants in the future, as for quiet enjoyment and warranty, the rule of damage is the value of the land at the time of ■eviction, with interest thereupon to the time of the judgment.
The present obligation is much more like a covenant of warranty or of quiet 0 enjoyment, than of seisin or good title. It is in the future. It is an undertaking that the obligor will remove all incumbrances within a limited time. The breach happened by the lapse of time, without removing the incumbrance sybsisting in Martin’s mortgage.
Still, had it remained a mere dormant incumbrance, it is very questionable whether, in analogy to the rule in cases of covenant against incumbrances, any thing more than nominal damage could be recovered. But this is not the condition, of the plaintiff. He has been actually evicted, by a paramount title, and his legal title turned into a mere right to redeem.
That this is an actual eviction, which would warrant the assessment of full damages in covenant, is settled by a recent *473 case, in which the subject was fully considered. Tufts v. Adams, 8 Pick. 547. There it was held, on great consideration, that an entry to foreclose, under a prior mortgage, though not yet foreclosed, was an eviction upon which the covenantee was entitled to recover full damages. But as the right of redemption was still open, the common rule of damage, giving the value of the land at the time of eviction, should be so far modified as to give the amount of the mortgage. This ■ is a rule calculated to do precise equity ; such as will enable the plaintiff to do that which the defendant undertook to do, to wit, to discharge the prior mortgage, and thus relieve the plaintiff’s title.
We are all of opinion that the rule adopted in that case is applicable to the present. The plaintiff, instead of a legal seisin in the land, has a mere right to redeem ; but as the estate is held against him by a defeasible title, the proper measure of his damages is such a sum as will enable him to pay off the incumbrance and defeat the adverse title.
It has been objected that the plaintiff may thus be overpaid, as he may receive the damages to be recovered in this action, and yet hold the whole land for the whole of his debt. But we think this would not be so. We have no doubt that any sum received on this obligation, would operate as payment of his debt pro tanto. This is one of the collateral securities for his principal debt; and all moneys received from any pledge or security, would enure as a payment.
If after such payment pro tanto, the mortgager does not pay the balance and redeem his land, it will probably be, because the land is not worth more than such balance. At all events, he will have a right so to redeem, and of course can suffer no injustice if he fails to exercise it.
Judgment is to be entered for the amount of Martin’s judgment and costs, with interest computed thereon to the present time.[1]

 See Leffingwell v. Elliott, 10 Pick. 204; Brooks v. Moody, 20 Pick. 474

 See White v. Whitney, 3 Metc. 81; Norton v. Bahcock, 2 Metc. 510; Comings v. Little, 24 Pick. 266; Thayer v. Clemence, 22 Pick. 490; Harlow v. Thomas, 15 Pick. 66; Honey v. Newton, ante, 421; Bean v. Mayo, 5 Greenl. 94; Danis v Lyman, 6 Connect. R. 249; Richardson v. Dorr, 5 Vermont R. 19